Ronald Keith VAUGHAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-81-496.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1983.

---

**2.** For a factual situation analogous to this case see *Mitchell v. State,* 43 Fla. 188, 30 So. 803 (1901).

Stan McKay, Marietta, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Ronald Keith Vaughan, was convicted in Love County District Court, in Case No. CRM–80–182 of Leaving the Scene of an Accident with Damage to a Vehicle, in Case No. CRM–80–183 of Attempting to Elude a Police Officer, and in Case No. CRM–80–184 of Resisting an Officer and on appeal he raises two (2) assignments of error.

In his first assignment of error, the appellant argues that Oklahoma Statutes Title 22 O.S.1981, §§ 1175.2(C) and 1175.-3(A) and (B),[1] mandate that criminal proceedings be suspended if an application to determine competency has been filed, and that the court's refusal to allow the introduction of evidence in support of the appellant's application constituted error. The appellant, however, has neglected to consider other relevant portions of our statute, which became effective June 25, 1980, to wit: 22 O.S.1981, § 1175.2(A), which reads in pertinent part: The application for determination of competency shall allege that the person is incompetent to undergo further proceedings, and *shall state facts sufficient to raise a doubt as to the competency of the person;* (emphasis ours) and, 22 O.S. 1981, § 1175.3(C), which provides:

C. If the court finds there is no doubt as to the competency of the person, it shall order the criminal proceedings to resume.

In his application for determination of competency filed on March 23, 1981, the appellant's counsel set forth that he based his belief that his client was incompetent upon conversations with the client's family, that the appellant when contradicted, has an uncontrollable temper which prevents him from communicating rationally. On March 25, 1981, notice of the hearing on competence to be held at 8:45 A.M., on March 26, 1981, was given in accordance with 22 O.S.1981, 1175.3(A). Although a transcript of the competency hearing was not requested by the appellant and has not been included in the appellate record for our review, a court minute reflects that the application for determination of competency was summarily denied. We once again

1. 22 O.S.1981, § 1175.2 provides in pertinent part:

C. Any criminal proceedings against a person whose competency is in question shall be suspended pending the determination of the competency of the person.

22 O.S.1981, § 1175.3 provides in pertinent part:

A. Upon filing of an application for determination of competency, the court shall set a hearing date, which shall be as soon as practicable, but at least one (1) day after service of notice as provided by Section 2 of this act.

B. The court shall hold a hearing on the date provided. At the hearing, the court shall examine the application for determination of competency to determine if it alleges facts sufficient to raise a doubt as to the competency of the person. Any additional evidence tending to create a doubt as to the competency of the person may be presented at this hearing.

emphasize that it is the responsibility of an appellant to present enough of a record to allow review of alleged error. See, *Wright v. State,* 559 P.2d 852 (Okl.Cr.1977), and cases cited therein. Nevertheless, from the record before us of a pretrial in camera hearing,[2] there is ample evidence to support the judge's determination that there was no doubt which had been raised as to whether the appellant was "competent" as defined by 22 O.S.1981, § 1175.1, "to understand the nature of the charges and proceedings brought against him," and was "able to effectively and rationally assist in his defense." In *Beck v. State,* 626 P.2d 327 (Okl.Cr.1981), we stated:

> The test used to determine whether one accused is competent to stand trial, is whether the accused has sufficient ability to consult with his lawyer and has a rational as well as actual understanding of the proceedings against him.

The test has been amply satisfied in the instant case; since no doubt as to the appellant's competency was raised it was proper for the criminal proceedings to resume.

In his second and final assignment of error, the appellant maintains that the trial court erred in refusing to admit mitigating evidence from various relatives of his, concerning the marital problems that he was experiencing. After a thorough review of the record, this Court finds that the trial court, in accordance with long standing authority, properly refused to allow the proffered evidence on grounds of immateriality. See, *Walburn v. Territory,* 9 Okl. 23, 59 P. 972 (1899); see also, 12 O.S.1981, §§ 2401 et seq.; and, 22 O.S.1981, § 975. This assignment of error is without merit.

2. The following interchange is disclosed:
THE COURT:
    What convictions are we talking about?
BY MR. McKAY:
    He has some traffic charges in, uh, Carter County. He has an alleged crime in Gainsville. Uh, what all are they?
BY THE DEFENDANT, RONALD KEITH VAUGHAN:
    They range. They're mostly traffic violations.
BY MR. McKAY:
    Okay.
BY THE DEFENDANT, RONALD KEITH VAUGHAN:

The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

And I had one for assaulting an officer. There's, uh, . . .
THE COURT:
    You're going to have to speak out, if you would, sir.
BY THE DEFENDANT, RONALD KEITH VAUGHAN:
    I've got two (2) felonies pending on . . . in Texas.
THE COURT:
    They're not convictions?
BY THE DEFENDANT, RONALD KEITH VAUGHAN:
    No sir. (Tr. 8 & 9).