U. S. 668 (1984). JUSTICE MARSHALL would grant certiorari and set case for oral argument.

No. 83–5636. STAFFORD *v.* OKLAHOMA. Ct. Crim. App. Okla. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Strickland* v. *Washington,* 466 U. S. 668 (1984).

JUSTICE BRENNAN and JUSTICE MARSHALL:

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 83–6125. STAFFORD *v.* OKLAHOMA. Ct. Crim. App. Okla. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Strickland* v. *Washington,* 466 U. S. 668 (1984).

JUSTICE BRENNAN and JUSTICE MARSHALL:

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 83–6413. BURGER *v.* ZANT, WARDEN. C. A. 11th Cir. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted limited to Question I(B) presented by the petition. The opinion of the United States District Court for the Southern District of Georgia on this question, which the Court of Appeals adopted without separate discussion, may be flawed in at least one respect. In judging the reasonableness of counsel's decision not to present character evidence, the District Court apparently mistook the arguments counsel made at petitioner's *first,* ultimately vacated, sentencing for the arguments counsel made at petitioner's *second* sentencing, the proceeding whose result is challenged in this petition. *Blake* v. *Zant,* 513 F. Supp. 772, 796–798 (1981). Petitioner is entitled to an assessment of his ineffectiveness claim unaffected by this, as well as by any other, error. Accordingly, the judgment is vacated and the case is re-