Roger Dale STAFFORD, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. F–80–256.

Court of Criminal Appeals of Oklahoma.

March 1, 1985.

Rehearing Denied March 22, 1985.

## ORDER

This Court's prior decision in *Stafford v. State,* 669 P.2d 285 (Okl.Cr.1983) (F–80–256) was vacated and the case remanded to this Court for reconsideration in light of *Strickland v. Washington,* 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) by the United States Supreme Court. *Stafford v. Oklahoma,* —— U.S. ——, 104 S.Ct. 2652, 81 L.Ed.2d 359 (1984).

■ In June of 1984, we set the matter for oral argument of counsel. In July of 1984, appellant filed a Joint Motion for Evidentiary Hearing, waiving his previous request for new trial and requesting an evidentiary hearing to review evidence of a contract for publication rights on his life between appellant and his trial counsel. It is appellant's contention that this contract caused the assistance of counsel to be ineffective. His motion is denied in that: 1) there is no authority for appellant's joining his cases before us which arise from separate crimes against different people in two different counties; and, 2) an evidentiary hearing to take evidence is unnecessary in that there is a sufficient record on which we may make the review directed by the Supreme Court.

*Strickland* sets forth the procedure and standard by which claims of ineffective assistance of counsel are to be judged. In our prior decision we judged Stafford's claims by the standards in force at the time of his trial; that is, the standard of whether counsel's performance was so ineffective as to reduce the trial to a farce or mockery of justice.[1] See, *Barnett v. State,* 446 P.2d 89 (Okl.Cr.1968).

■ In *Strickland,* the United States Supreme Court held that in judging ineffectiveness of counsel claims the benchmark must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." 446 U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 692. A two fold inquiry may be made of whether counsel committed errors so serious that he or she was not rendering assistance as the Sixth Amendment guarantees and whether counsel's errors were so serious as to deprive defendant of a fair trial in which the justness of the result is reliable. *Id.*

■ In gauging the reasonableness of counsel's action, scrutiny is to be made with great deference and with an effort to eliminate the distortion of hindsight. 466 U.S. at ——, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. To constitute reversible error, the errors must be such that "but for counsel's unprofessional errors, the result of the proceedings would have been different...."

---

1. We subsequently adopted a standard of "reasonably competent assistance of counsel," to be applied prospectively. *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980).

[That] absent the errors, the factfinder would have had a reasonable doubt respecting guilt." 466 U.S. at ——, ——, 104 S.Ct. at 2068, 2069, 80 L.Ed.2d at 698.

██ Appellant initially urged that a second trial is necessary to comply with the Supreme Court's order, but we disagree. The existing record is adequate to judge his claim of ineffective assistance of counsel. Indeed, his claims were thoroughly reviewed by this Court on his appeal.[2] We find that appellant's claim of ineffective assistance of counsel must fail under the standards of *Strickland.* Many instances were not erroneous, at least from the viewpoint of counsel at the time of trial, and appellant has failed to overcome the presumption that counsel's actions under the circumstances were sound trial strategy. We found in our prior decision as we do now, that those which were errors did not adversely affect appellant.

██ Those assignments which we held were not erroneous fail under the *Strickland* analysis at the first inquiry as to the existence of error. In dealing with those activities of trial counsel we considered to be error, our approach was very similar to the Supreme Court's approach in that we looked at the resulting prejudice to appellant. We held appellant failed to demonstrate that he was adversely affected. Applying a standard of reasonableness rather than the standard of farce and mockery, we reach the same results again. The errors were not such that they deprived appellant of a fair trial by a breakdown in the adversarial process. *U.S. v. Cronic,* 466 U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

██ Appellant has not met his burden of showing that the decisions reached "would reasonably likely have been different absent the errors." 466 U.S. at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. As in *Strickland,* the evidence of aggravating circumstances is utterly overwhelming.[3]

██ Appellant now offers additional evidence that his trial counsel contracted to conduct his defense in exchange for exclusive publication rights of appellant's life and requests an evidentiary hearing be con-

---

**2.** In his appeal, appellant was represented by new counsel and asserted the following acts of trial counsel made assistance ineffective:

1) He cited certain conduct which we refused to second guess because they were matters of personal style. See our Order in *Coleman v. State,* 55 O.B.A.J. 2528, 693 P.2d 4 (Okl.Cr. 1984), where on the basis of *Strickland,* we deferred to trial counsel's judgment on trial tactics rather than relying on hindsight. He asserted that his attorney failed to file motion for change of venue, to move to suppress the testimony of various witnesses, and filed a noncomprehensive motion for new trial. We held all these purported errors were of no consequence and that the testimony complained of was properly admitted.

2) Appellant claimed his attorney erred because during the sentencing stage, counsel objected to the instructions after they were given, because he presented no evidence in mitigation, and because his closing argument was brief. We held there was no error in failing to object to the instructions which were proper. Appellant's counsel did incorporate evidence introduced in first stage into the sentencing stage, and appellant failed to demonstrate that any other evidence in mitigation existed. See *United States v. Cronic,* 466 U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657

(1984), wherein the Court said that counsel had no duty to create a defense when one did not exist. We held no error occurred by reason of a brief closing argument. We commented that the defense was vigorous though the evidence against appellant was great.

3) Appellant asserted assistance of counsel was ineffective because there existed a conflict of interest by reason of counsel obtaining publication rights concerning appellant's case. We held even if a contract existed, appellant failed to demonstrate he was adversely affected. In addition, we held he could not complain of television cameras because he personally approved the presence of cameras in the courtroom and was not prejudiced by their presence. We held his attorney's failure to investigate his psychiatric history was not error since appellant could not demonstrate that favorable evidence existed. We held that trial counsel's conduct was not prejudicially affected by television coverage of the trial or by publication rights. Counsel made objections to the State's evidence, vigorously cross-examined witnesses, and attempted to establish an alibi defense.

**3.** We note that appellant's wife confessed to her participation in the crimes, testified against appellant at his trials, and received a sentence of life imprisonment on her plea of guilt.

ducted to review this evidence. He contends that this per se caused assistance of counsel to be ineffective and that the burden to prove absence of prejudice shifted to the State. This is not so. Even as *Strickland* notes, if a conflict of interest exists, prejudice is presumed only when defendant proves his counsel actively represented conflicting interests and that an actual conflict adversely affected his attorney's performance. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696, citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Appellant has provided no authority for his assertion that the contract for publication rights per se made counsel's assistance ineffective. *Compare United States v. Hearst*, 638 F.2d 1190 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981); *Ray v. Rose*, 535 F.2d 966 (6th Cir.1976), *cert. denied*, 429 U.S. 1026, 97 S.Ct. 648, 50 L.Ed.2d 629; *Fuller v. Israel*, 421 F.Supp. 582 (E.D.Ill.1976). Appellant has not offered any evidence which would entitle him to a new trial. 22 O.S.1981, § 952.

The Supreme Court urged in *Strickland* that claims of ineffective assistance of counsel may be disposed of without reaching both components of the inquiry. A court, it reasoned, need not determine whether counsel's performance was deficient if it determined there was an insufficient showing of prejudice. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2070, 80 L.Ed.2d at 699.

We addressed this issue of a contract in our earlier opinion (669 P.2d at 296–98) as if appellant had established the existence of a contract for publication rights. Even so, we held that appellant had not demonstrated that he was prejudiced or adversely affected by the possible existence or breach of such a contract. No different result obtains under *Strickland*.

We do not find that counsel's conduct was so poor as to have undermined the proper functioning of the adversarial process and to have produced an unreliable result. The Supreme Court noted in *Strickland* that the testing procedure they set forth would yield different results in only the rarest instances. 466 U.S. at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 698. We find it does not change the result of the present case and that appellant has failed to demonstrate that minus counsel's contract, a different result would have been reached, especially in light of the utterly overwhelming evidence of his guilt. Judgments and sentences are **AFFIRMED.**

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 1st day of March, 1985.

TOM BRETT, J.

HEZ J. BUSSEY, J.