Roger Dale STAFFORD, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. F–79–722.

Court of Criminal Appeals of Oklahoma.

May 13, 1985.

Rehearing Denied June 18, 1985.

## ORDER

This Court's prior decision in petitioner's Oklahoma County conviction in *Stafford v. Oklahoma*, 665 P.2d 1205 (Okl.Cr.1983), was vacated and the case remanded to this Court for reconsideration in light of *Strickland v. Washington*, 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by the United States Supreme Court. *Stafford v. Oklahoma*, —— U.S. ——, 104 S.Ct. 2651, 81 L.Ed.2d 359 (1984). Today we reconsider our prior decision and again affirm petitioner's judgments and sentences and deny his request for a new trial or evidentiary hearing.

In petitioner's joint motion for evidentiary hearing, allegations are made that were not urged on appeal to this Court. These contentions are beyond the scope of review mandated by the Honorable United States Supreme Court. This Court is required to review only the claims of ineffective assistance of counsel that were raised in the original appeal. We previously judged petitioner's claims by the standard in force at the time of his trials: Whether counsel's performance was so ineffective as to reduce the trial to a farce or mockery of justice. We now judge those claims under the *Strickland* standard. We find the existing record adequate for this review.

Under *Strickland*, the benchmark for judging claims of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." 446 U.S. at ——, 104 S.Ct. at 2064. In our prior order concerning petitioner's McClain County conviction, we discussed the proce-

dures and standards as established in *Strickland* in evaluating claims of ineffectiveness. *See Stafford v. State*, 697 P.2d 165 (Okl.Cr.1985). In judging specific claims, inquiry may be made of whether counsel committed such errors as to deny defendant the assistance of counsel guaranteed by the Sixth Amendment and then whether the error was so serious as to deprive defendant of a fair trial in which the justness of the result is reliable.

■ Petitioner on his appeal alleged a number of errors by trial counsel which he claimed resulted in his receiving ineffective assistance of counsel. We addressed these assignments individually in our prior decision,[1] 665 P.2d 1205, and found in many instances lack of error, and in others, lack of adverse effect. We find no other result is dictated by applying the procedures of *Strickland* and a standard of reasonableness. Many instances of counsel's conduct did not amount to error. Where error was shown, petitioner has not shown adverse effect or harm that denied him a fair trial and produced an unreliable result.

Petitioner has not met his burden of showing that the decisions reached "would reasonably likely have been different absent the errors." 466 U.S. at ——, 104 S.Ct. at 2069. As in *Strickland* and petitioner's other case, the evidence of aggravating circumstances is utterly overwhelming. Counsel's errors were not such as to have deprived appellant of a fair trial by a breakdown in the adversarial process. *United States v. Cronic*, 466 U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Therefore, judgments and sentences are AFFIRMED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 13th day of May, 1985.

Tom Brett, J.
Hez J. Bussey, J.

1. Petitioner claimed trial counsel was incompetent in filing a feeble motion for new trial. Our study of the motion indicated a lack of meritorious allegations of error, and we found no error could result from counsel's failure to urge them.

   The presence of television cameras in the courtroom during trial was personally approved by petitioner after he had been fully advised of his rights in open court by the trial court. We found as a result no error resulted from their presence.

   We found that trial counsel's ethical violations in soliciting representation of petitioner and entering a contract for publication rights in exchange for his legal services did not per se constitute ineffective assistance of counsel. In our decision of this allegation in our earlier order concerning petitioner's McClain County conviction in F–80–256, we held petitioner was neither prejudiced nor adversely affected by possible existence of breach of the alleged contract. 697 P.2d at 168.

   We found no error in trial counsel's failure to investigate petitioner's psychiatric background when petitioner had failed to demonstrate that favorable evidence existed.

   Petitioner's allegation that trial counsel failed to interview him prior to trial proved to be a misunderstanding of testimony in the transcript.

   The fact that petitioner's counsel did not present additional evidence during the sentencing stage did not demonstrate error when petitioner could not cite any relevant evidence which should have been introduced.

   Counsel's failure to obtain documentation of the proposed testimony of a former cellmate of petitioner was at worst an error of judgment, but within reason under the circumstances.

   Petitioner claimed trial counsel was ineffective in failing to obtain the transcript of voir dire proceedings for appeal. We held that in the absence of proof of prejudicial error occurring in the voir dire, this was not error.

   We concluded by noting that counsel made substantial efforts in representing petitioner and that petitioner had not sustained his burden of proving ineffectiveness of counsel. 665 P.2d 1210–13.