**Hulett FOSTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–587.**

Court of Criminal Appeals of Oklahoma.

July 1, 1986.

Rehearing Denied Aug. 25, 1986.

John Forbes, Midwest City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Hulett Foster, was charged, tried, and convicted of the offenses of Attempted Grand Larceny, After Former Conviction of a Felony, and three counts of Assault with a Dangerous Weapon, After Former Conviction of a Felony, in the District Court of McClain County, Case No. CRF–81–46. He was sentenced to (5) years imprisonment for conviction of Attempted Grand Larceny, two and one-half (2½) years imprisonment for the first two counts of Assault with a Dangerous Weapon, and six (6) years imprisonment for conviction of the third count of Assault with a Dangerous Weapon. We affirm.

On May 6, 1981, at around noon, C.C. Woods and Roy Kerr were driving down Highway 59 in McClain County when they spotted a pick-up truck at the gate entrance to Alton Clifton's hayfield. The men continued down the highway, but decided to return and investigate. When they returned to the hayfield, they saw the truck parked by a tractor. The men then drove into the field and saw two men, one of whom was identified as the appellant, run back into the blue pick-up truck, and drive away. Woods headed his truck in the direction of the gate, in an attempt to block the exit. The blue pick-up stopped, and the appellant, who was driving, exited the truck. Woods and the appellant spoke briefly. Kerr, meanwhile, exited Woods truck, and wrote down the tag number of the blue truck.

Appellant returned to his vehicle, drove around the Woods' pick-up, crashed through a barbed wire fence, and drove back onto the highway. Woods gave chase, and Kerr walked to Clifton's home to inform him about what had happened.

As Woods began to give chase, he noticed his son, David, driving down the road. Woods contacted his son via C.B. radio, and asked him to follow the appellant. Both men gave chase over the rural highways of McClain County. According to Woods' testimony, the appellant, on at least two occasions, attempted to ram either Woods or his son with the blue pick-up. Another time, after the vehicles had stopped, the appellant kicked the Woods vehicle. He retrieved a steel pipe from the blue pick-up

truck, approached the Woods truck, and threatened to kill C.C. Woods.

Appellant was arrested at his home a short time after the chase. Police found the steel pipe inside the truck. The investigation also revealed that someone had attempted to remove the starter in the Clifton tractor.

## I.

■ In his first assignment of error, the appellant alleges he was denied his right to due process of law under the Federal and State Constitutions, in that his trial was conducted in the McClain County Farm and Home Building rather than the County Courthouse. The record reflects that the courtroom at the County Courthouse was in use, and the case was assigned for trial at the Farm and Home Building. Appellant claims this trial setting denied him due process of law. We disagree.

We recently dealt with a similar issue in *Ake v. State*, 663 P.2d 1 (Okl.Cr.1983), reversed on other grounds, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). In that case the defendant alleged he was prejudiced because the courtroom in which he was tried was not air conditioned. We held that there was no evidence of prejudice to the defendant, and denied this claim. *Accord Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also* 20 O.S.1981, § 3001.1.

In the instant case, the record reflects that the trial conditions were not ideal. However, the appellant has failed to establish that he was prejudiced by the location of the trial. Instead, the record indicates the jury gave its utmost attention to the task at hand, and worked diligently in reaching its verdict. This assignment of error is without merit.

## II.

■ Next, the appellant claims the trial court erred in refusing his motion for a mistrial, after it allowed the second stage verdict to be returned in the appellant's absence. The record reflects that, near the end of the second stage of trial, the appellant apparently became ill and was transported from the scene by an ambulance. At that time, the jury was in deliberation. The verdict was returned in the appellant's absence.

Appellant correctly cites as authority 22 O.S.1981, § 912, which states:

If the indictment or information is for a felony, the defendant must, before the verdict is received, appear in person....

However, 20 O.S.1981, § 3001.1 provides:

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Although the trial court erred in proceeding in this manner, it is difficult, if not impossible, to imagine how this appellant was prejudiced. Accordingly, we reject this assignment of error.

## III.

■ As his third assignment of error, the appellant maintains the trial court improperly denied his motion for a hearing to determine his competency to stand trial. However, the appellant has failed to include the pertinent documents or transcripts concerning this issue. It is the responsibility of the appellant to present a sufficient record concerning those allegations raised on appeal. *Vaughan v. State*, 657 P.2d 657 (Okl.Cr.1983). Appellant has failed to fulfill this obligation, and this claim of error must be rejected.

## IV.

We must likewise reject appellant's fourth assignment of error. Appellant claims the trial court erred in failing to grant his application for a change of venue. The record reflects that the trial court

overruled the motion for change of venue in a pre-trial hearing, but indicated a willingness to reconsider the motion, based on what might transpire during jury selection. However, the appellant failed to include a transcript of the voir dire in the appellate record. Without a record of what occurred in voir dire, we cannot say the trial court erred in overruling the motion for a change of venue. *See Stafford v. State*, 665 P.2d 1205, 1215 (Okl.Cr.1983), vacated on other grounds, 467 U.S. 1212, 104 S.Ct. 2651, 81 L.Ed.2d 359 (1984). This assignment of error is without merit.

### V.

■ The appellant challenges the trial court's instruction on flight. Once again, however, the appellant has failed to properly preserve this ruling for appellate review, as he failed to object to the instruction at trial. *Woody v. State*, 95 Okl.Cr. 21, 238 P.2d 367 (1951).

### VI.

■ Finally, the appellant asserts that the sentences imposed were excessive, but we do not agree. Each of the sentences were well within the statutory limits. Furthermore, the sentences imposed to do not shock the conscience of this Court, so as to warrant modification. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). This assignment of error is without merit. The judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.