Roger Dale STAFFORD, Sr., Petitioner,

v.

The Honorable J. Kenneth LOVE,
Judge of the District Court of
McClain County, Oklahoma, Respondent.

No. 66898.

Supreme Court of Oklahoma.

Sept. 16, 1986.

Charles B. Grethen, Purcell, for petitioner.

Reginald D. Gaston, Norman, for respondent.

DOOLIN, Vice Chief Justice.

Original jurisdiction is assumed due to the specific provisions of 22 O.S.1985, Supp. § 464 which makes certain expenditures of court funds subject to the approval of the Chief Justice and as an exercise of general superintending control of inferior courts as provided in Article 7, Section 4 of the Oklahoma Constitution.

Petitioner was convicted of murder and sentenced to death. Following various unsuccessful appeals of his conviction,[1] he sought habeas corpus from the Federal District Court for the Western District of Oklahoma.[2] As grounds for his federal court action, petitioner alleged, among other things, the trial court erred in admitting testimony from witnesses who had previously been hypnotized during the state's investigation. The habeas corpus action

---

1. *Stafford v. State,* 669 P.2d 285 (Okl.Cr.1983), Cert. granted with remand, *Stafford v. Oklahoma,* 467 U.S. 1212, 104 S.Ct. 2652, 81 L.Ed.2d 359 (1984).

2. *Stafford v. Maynard,* CIV–85–1950–W, (WD Okl.1985).

resulted in an order by the federal district judge that the proceedings would be held in abeyance until the state courts had ruled on petitioner's arguments about the admissibility of the disputed testimony.

To obtain the ruling required by the federal judge, petitioner instituted an application for post-conviction relief in the district court of McClain County, seeking to exclude the testimony of the hypnotized witnesses. Preliminary to the hearing on his application, petitioner filed motions for an order for the expenditure of court funds in the total amount of $16,500, to provide him with the services and deposition of an expert witness in the field of hypnosis.

Specifically, petitioner seeks expert help to discredit the post-hypnotic testimony of three witnesses; Tackett, Pam Lynch and Verna Stafford (now Monk). We note that the issue of the effect of hypnosis on the testimony of Lynch and Tackett was the issue in a previous appeal by petitioner. The Oklahoma Court of Criminal Appeals addressed the matter by finding that the testimony of Tackett and Lynch was not tainted by their being hypnotized and the trial court had not committed error in allowing it admitted.[3]

Upon this ruling petitioner sought certiorari from the United State Supreme Court, which was denied.[4]

■ This being the case, it is clear that petitioner may not raise the issue of the hypnotizing of these two witnesses in the present proceeding, and he is therefore confined to arguments regarding the testimony of Verna Stafford.

After petitioner's motion for expenditure of court funds was briefed and considered, the trial court entered its order denying such expenditure from which order petitioner makes this application for mandamus.

■ Petitioner relies primarily upon two authorities in support of his petition. The first is 22 O.S.1985 Supp., § 464, which reads in part:

B. When a person is charged with a criminal offense where such person faces the possibility of a death sentence, the court may, upon application of the defendant demonstrating that an expert witness is necessary to prepare the defense and that the defendant is financially unable to pay for such services, provide access to such witnesses and other services as are reasonably necessary to permit the defendant to adequately prepare and present his defense at trial and at any subsequent proceeding by authorizing counsel to obtain such services. The court will rule on the reasonableness of the request for expert witnesses and other services by the defendant.

\*   \*   \*   \*   \*   \*

This statute is apparently the Legislature's response to the rule stated by the United States Supreme Court in *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), petitioner's other primary authority.

In *Ake* the Supreme Court said fundamental fairness requires an indigent defendant be provided an expert, psychiatric witness where the question of defendant's sanity is placed in issue.[5] While in the instant case, petitioner's sanity is not in issue, he asserts the *Ake* rule is broad enough to require the state to provide him any expert he deems necessary in the preparation of his defense.

Our reading of 22 O.S.1985 Supp. § 464 and of *Ake v. Oklahoma*, supra, leads us to disagree with petitioner's arguments.

Clearly, the statute invests the trial court with the power to determine whether the

---

3. *Stafford v. State,* 669 P.2d 285, 293–294 (Okl. Cr.1983).

4. Cert denied. *Stafford v. Oklahoma,* —— U.S. ——, 105 S.Ct. 3537, 87 L.Ed.2d 660 (1985), as to both 669 P.2d 285 (Okl.Cr.1983) & 697 P.2d 165 (Okl.Cr.1985).

5. "When a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." (*Ake,* supra, 105 S.Ct. 1093).

assistance of a requested expert is reasonable and necessary to the preparation of an indigent defendant's defense. The question of the scope of the trial court's discretion in this matter has been addressed in a long line of federal decisions. Most applicable is the ruling in *Christian v. U.S.*:[6]

> While every criminal defendant who is financially unable to obtain counsel is entitled to appointment of counsel at government expense, not every similarly situated defendant is entitled to appointment of an investigator or other expert services.

The Court of Appeals further stated that before such services are furnished there must be a finding, after appropriate inquiry in an ex parte proceedings, that such services *are necessary.* The decision as to whether such services are reasonable and necessary is a matter for the sound discretion of the trial court.[7]

■ The trial court's discretion is to be guided by a spirit of liberality and fairness, but in making the determination as to whether a requested investigator or expert is necessary, it must find the defendant has met his burden of showing such necessity.[8]

We have examined the materials submitted by petitioner, including documents and arguments filed by him in the federal habeas corpus proceedings. From his examination we find no legal precedent and little factual support for his argument that the mere fact a witness is once hypnotized taints all that witness's subsequent testimony. This being the case, we cannot say the trial court erred in the exercise of its discretion in refusing to authorize the expenditure of court funds.

Furthermore, we find the clear and fundamental differences between the *Ake* case and this one make it not relevant here.

Specifically, *Ake* holds that psychiatric assistance must be provided when: 1) the defendant's sanity is a pivotal issue, and 2)

the defendant has met his burden of showing that his sanity is a factual question to be determined at trial. Even if, for the sake of argument, we were to find an analogy between providing key, psychiatric witnesses and other experts (which we do not), the defendant still has the threshhold burden of showing there is pivotal, factual issue for which the testimony of an expert is necessary. Even under the *Ake* rule, the trial court can, in its discretion, find a defendant has not sufficiently substantiated the need for providing an expert.

In the instant case, it has not yet been established, as a matter of fact, that Verna Stafford was indeed ever placed in a hypnotic state. Clearly, this question must be resolved before the testimony of an expert concerning the effect of hypnosis is even relevant.

When this and all other factors are objectively viewed, we find there was no abuse of discretion on the part of the trial court in denying expenditure of court funds.

ORIGINAL JURISDICTION ASSUMED; MANDAMUS DENIED.

All Justices concur.

---

**6.** 398 F.2d 517 (10th Cir., 1968).

**7.** *U.S. v. Oliver,* 626 F.2d 254 (2nd Cir., 1980) and (*U.S. v. Kasto,* 584 F.2d 268 (8th Cir., 1978),

cert. den. 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486).

**8.** *U.S. v. Davis,* 582 F.2d 947 (5th Cir., 1978).