Roger Dale STAFFORD, Sr., Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–89–87.

Court of Criminal Appeals of Oklahoma.

July 15, 1991.

Robert A. Ravitz, Public Defender of Oklahoma County, Oklahoma City, for petitioner.

Robert H. Henry, State Atty. Gen. and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

BRETT, Judge:

Roger Dale Stafford, Sr., Petitioner, is before this Court on an Application for Post Conviction Relief. Petitioner was convicted by a jury of six counts of Murder in the First Degree in the District Court of Oklahoma County, Case No. CRF–79–926. The jury found that four aggravating circumstances existed [1] and the petitioner was subsequently sentenced to death on all six counts. This Court affirmed the death sentences in *Stafford v. State*, 665 P.2d 1205 (Okl.Cr.1983), and denied the Petition for Rehearing that followed. The United States Supreme Court granted a Petition for Writ of Certiorari and remanded the case back to this Court for reconsideration in *Stafford v. Oklahoma*, 467 U.S. 1212, 104 S.Ct. 2651, 81 L.Ed.2d 359 (1984). Upon reconsideration, the case was again affirmed by this Court in *Stafford v. State*, 700 P.2d 223 (Okl.Cr.1985), and a subsequent Petition for Rehearing was denied. Certiorari was denied by the United States Supreme Court in *Stafford v. Oklahoma*, 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985). Petitioner thereafter filed an Application for Post Conviction Relief in the District Court of Oklahoma County. This application was denied by the district court and the denial was affirmed by this Court in *Stafford v. State*, 731 P.2d 1372 (Okl.Cr. 1987). Upon an Application for a Writ of Habeas Corpus directed to the United States Court for the Western District of Oklahoma, that court issued an order directing the petitioner to exhaust his claims in the State courts which deal with the application of the "especially heinous, atro-

---

1. The jury found the following aggravating circumstances to exist: 1) the defendant knowingly created a great risk of death to more than one person; 2) the murder was especially heinous, atrocious, or cruel; 3) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and 4) there existed a probability that the defendant would commit criminal acts of violence in the future that would constitute a continuing threat to society.

cious or cruel" aggravating circumstance. In response to this order, the petitioner filed a second Application for Post Conviction Relief in the District Court of Oklahoma County. This application was denied, and it is from this denial that the petitioner now appeals.

■ In his second Application for Post Conviction Relief, the petitioner claimed that the jury instruction concerning the "especially heinous, atrocious or cruel" aggravating circumstance was unconstitutionally vague. In response, the district court found in its conclusions of law, that resolution of this issue was barred by the doctrine of res judicata because petitioner could have raised this issue on direct appeal or in his first application for Post Conviction Relief. We note, however, that the United States Supreme Court decision of *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), which deals directly with this issue, constitutes an intervening change in the law which did not exist at the time of petitioner's previous appeals. Although, as the State argues, the *Cartwright* decision was based upon principles of law previously announced in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), this specific issue was not definitively decided until addressed by the Supreme Court in *Cartwright*. We find this subsequent change in the law to be a sufficient reason why this error was not previously asserted. Thus, we will address the merits of petitioner's contention. *See* 22 O.S.1981, § 1086; *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr.1985).

■ The record reveals that the jury in the present case was given essentially the same instruction regarding the aggravating circumstance of "especially heinous, atrocious or cruel" that was found to be unconstitutionally vague in *Cartwright*. The instruction provided:

You are further instructed that the term "heinous", as that term is used in these instructions means extremely wicked or shockingly evil, and that "atrocious" means outrageously wicked and vile; and "cruel" means designed to inflict a high degree of pain, utter indifference to, or enjoyment of, the suffering of others; pitiless. (Second Stage Instruction No. 6)

Contrary to the assertions of the State, the jury was not given instructions with the narrowing language which has been found to give more guidance than the language condemned in *Cartwright*.[2] Thus, we agree with the petitioner that the aggravating circumstance of "especially heinous, atrocious or cruel" must fail in this case because the jury based its finding of such circumstance upon an unconstitutionally vague instruction.

■ The petitioner claims that upon finding that the aggravating circumstance of "especially heinous, atrocious or cruel" must fail, this Court must modify the death sentence to life in prison. In at least two other cases where an aggravating circumstance was found to have failed, *Castro v. State*, 749 P.2d 1146 (Okl.Cr.1987) and *Stouffer v. State*, 742 P.2d 562 (Okl.Cr. 1987), this Court upheld the death penalty after reweighing the remaining aggravating circumstances against the mitigating circumstances. However, the petitioner claims that there are distinctions between the present case and *Castro* and *Stouffer* which make reweighing inappropriate in the present case.

It is argued by the petitioner that the cases relied on by this Court to support the reweighing policy utilized in *Castro* and *Stouffer*, *Barclay v. Florida*, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983) and *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1984), cannot apply to situations where an aggravating circumstance fails because it violates the Eighth Amendment to the United States Constitution, as it did in the present case. To further support his argument that re-

---

**2.** This Court, in *Stouffer v. State*, 742 P.2d 562 (Okl.Cr.1987), found that a jury instruction on the aggravating circumstance of "especially heinous, atrocious or cruel" which limits its application to those crimes where the death of the victim is preceded by torture or serious physical abuse, sufficiently narrows the class of persons eligible for the death penalty so as to make the aggravating circumstance constitutional.

weighing is not now appropriate, the petitioner also noted several other distinctions between these cases and the present case. However, in light of the United States Supreme Court's recent decision in *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), it appears that these distinctions are not decisive of the issue.

In *Clemons*, the Supreme Court held that it is constitutionally permissible for an appellate court to reweigh the remaining aggravating circumstances against any mitigating evidence after one or more aggravating circumstances has been invalidated. This decision was made in a context very similar to the present situation. The aggravating circumstance of "especially heinous, atrocious or cruel" failed in *Clemons*, as it did in the case at bar, because it was essentially identical to the one invalidated in *Maynard v. Cartwright*. Thus, this aggravating circumstance was invalidated on constitutional grounds. This fact did not dissuade the Supreme Court from finding that the appellate reweighing process was constitutional. This was found despite the fact that there was mitigating evidence presented in *Clemons* and that a great deal of the State's argument for the death penalty in that case was based on its contention that the murder was "especially heinous". Thus, we find this argument to be without merit.

■ The petitioner also complains that the reweighing process would deny him his right to sentencing by a jury. The Supreme Court in *Clemons* noted that under *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), it was recognized that "when a state law created for a defendant a liberty interest in having a jury make particular findings, speculative appellate findings will not suffice to protect that entitlement for due process purposes." *Clemons*, 494 U.S. at ——, 110 S.Ct. at 1447. However, it was also noted that at the time *Hicks* was decided, there was no authority under Oklahoma law for appellate sentencing. Because in *Clemons*, Mississippi law gave the state court authority to employ appellate sentencing proce-

dures, due process considerations were not violated by the reweighing process. *Id.* Such is the current statutory scheme in Oklahoma. We interpret 22 O.S.1981, § 1066 and 21 O.S.Supp.1989, § 701.13 to allow this Court to reweigh the remaining aggravating circumstances against the mitigating circumstances as part of the authorized sentence review. *See Stouffer*, 742 P.2d at 564. Thus, although Oklahoma's capital sentencing statutory scheme does provide for jury sentencing, it also provides for sentence review by this Court and as such, there is no violation of the principles enunciated in *Hicks*.

■ We also disagree with petitioner's contention that any application of a reweighing/harmless error approach would be unconstitutional as a violation of the prohibition against **ex post facto** laws. This Court has found that "procedural changes in a statutory capital sentencing scheme which simply alter 'the methods employed in determining whether the death penalty was to be imposed' is not **ex post facto** '[e]ven though it may work to the disadvantage of a defendant.'" *Castro v. State*, 749 P.2d at 1150 (citing *Dobbert v. Florida*, 432 U.S. 282, 293–94, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977)). We further found that independent reweighing of aggravating and mitigating circumstances simply alters the methods of procedure in determining the validity of a death sentence on direct appeal; it does not deprive the petitioner of a defense that was previously available, change the legal definition of the offense, change the range of punishment, affect the criminal quality of the act charged, or change the questions which may be considered by the jury in establishing guilt or innocence. *Id.*, 749 P.2d at 1150–51. *See also Coleman v. Saffle*, 869 F.2d 1377 (10th Cir.1989). Therefore, we find that this Court's exercise of its statutory review powers does not constitute an **ex post facto** violation.

Petitioner also claims that if this Court has the authority to reweigh the remaining aggravating circumstances against the mitigating circumstances, such authority is limited to review on direct appeal because

the Post Conviction Procedure Act, 22 O.S.Supp.1987, § 1089, does not specifically authorize the appellate reweighing process. However, we note that section 1089 also does not specifically authorize this Court to modify death sentences to life imprisonment as the petitioner has asked this Court to do. In fact, the Post Conviction Procedure Act does not set forth any specific powers of review be available to this Court. However, we are not convinced that this omission prevents this Court from utilizing the same powers of review in post conviction applications that are used in direct appeals.

█ The Oklahoma Supreme Court has held that legislative enactments dealing with the same subject matter must be construed together as a harmonious whole so as to give effect to each. *Inexco Oil Co. v. Corporation Commission,* 628 P.2d 362, 365 (Okl.1981). Thus, the Post Conviction Procedure Act and the statutes governing appeals in capital cases must be read together. It would defy logic to find that the legislature afforded this Court the power to hear an application for post conviction relief without giving us the authority to grant the proper relief. Therefore, we find that it was the intent of the legislature to allow this Court the same powers of review in post conviction relief cases that we have in direct appeals.

█ It is axiomatic that in reweighing the remaining aggravating circumstances against the mitigating circumstances, an appellate court is required to make an individualized determination from an actual reweighing. *Clemons,* 494 U.S. at ——, 110 S.Ct. at 1450. We note that in the present case, the petitioner, along with two accomplices, robbed a Sirloin Stockade Restaurant and then herded the six employees who were present into a walk-in freezer and shot them. All six employees died as a result of the shooting. Aside from the aggravating circumstance that we have found must fail, that of "especially heinous, atrocious or cruel", the jury in petitioner's trial properly found beyond a reasonable doubt that three other aggravating circumstances existed: that the petitioner knowingly created a great risk of death to more than one person, that the murders were committed for the purpose of avoiding or preventing a lawful arrest and prosecution and that there was a probability that the petitioner would commit criminal acts of violence in the future that would constitute a continuing threat to society.

We also recognize that mitigating evidence was presented at trial which the jury was bound to consider. This consisted largely of the fact that petitioner was the father of three children, that he was employed during his time in Oklahoma, that he had supplied toys, ice cream, cake and candy to Danny Kerr's son on his birthday, that he had never been arrested for a violent crime, and that he had two accomplices to the six Sirloin Stockade murders.

Upon careful consideration of the evidence supporting the remaining aggravating circumstances, and the evidence which may be considered to be mitigating, we find that the aggravating circumstances far outweigh the mitigating evidence. Thus, we conclude that even in the absence of the aggravating circumstance of "especially heinous, atrocious or cruel", the sentence of death is factually substantiated and appropriate; the jury's consideration of the unconstitutional aggravating circumstance was at most harmless error.

In light of the foregoing, we AFFIRM the district court's denial of the petitioner's application for post-conviction relief.