**Roger Dale STAFFORD, Sr., Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. PC–89–155.**

Court of Criminal Appeals of Oklahoma.

May 7, 1992.

---

OPINION ON REMAND

PARKS, Judge:

Roger Dale Stafford, Sr., appellant, was charged with three counts of First Degree Murder in McClain County District Court Case No. CRF–79–83, in connection with the deaths of Melvin Lorenz, Linda Lorenz and Richard Lorenz. Following a jury trial, appellant was convicted and sentenced to death on all three counts.[1] This Court

---

**1.** With respect to all three victims, the jury found that the following aggravating circumstances existed: (1) The defendant knowingly created a great risk of death to more than one person; (2) The murder was especially heinous, atrocious, or cruel; and (3) The existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society. 21 O.S.Supp.1976, § 701.12(1), (4) and (7), respectively. With respect to victims Linda Lorenz and Richard Lorenz, the jury also found that the murders were committed for the purpose of avoiding or pre-

affirmed the convictions and sentences of death in *Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983). The United States Supreme Court granted appellant's Petition for Writ of Certiorari and remanded the case to this Court for reconsideration in *Stafford v. Oklahoma*, 467 U.S. 1212, 104 S.Ct. 2652, 81 L.Ed.2d 359 (1984). Upon reconsideration, this Court again affirmed appellant's judgments and sentences, *Stafford v. State*, 697 P.2d 165 (Okl.Cr.1985), and the Supreme Court denied certiorari. *Stafford v. Oklahoma*, 473 U.S. 911, 105 S.Ct. 3537, 87 L.Ed.2d 660 (1985). Appellant thereafter filed an Application for Post–Conviction Relief in the District Court of McClain County. The district court's denial of relief was affirmed by this Court in an unpublished order. *Stafford v. State*, PC–85–515 (Okl.Cr. Sept. 6, 1985).

Appellant then filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Oklahoma. Those proceedings were stayed by the Honorable Lee R. West, District Judge, to allow appellant to exhaust an issue in state courts. Appellant's Supplemental Application for Post–Conviction Relief was denied by the District Court of McClain County and this Court affirmed said denial in an unpublished order. *Stafford v. State*, PC–86–904 (Okl.Cr. Feb. 3, 1987). The federal habeas corpus proceedings were then resumed and relief was denied on November 23, 1987.

On appeal to the United States Court of Appeals for the Tenth Circuit, appellant asserted that the "especially heinous, atrocious or cruel" aggravating circumstance was being applied in an unconstitutional manner. Because appellant had not previously raised this issue, the Tenth Circuit Court dismissed the appeal without prejudice to permit exhaustion in state courts. The McClain County District Court denied relief on said issue and this Court affirmed

the denial in an unpublished order. *Stafford v. State*, PC–89–155 (Okl.Cr. Sept. 19, 1989). Thereafter, appellant's federal habeas corpus appeal was resumed in the Western District Court. That petition was stayed pending issuance of the United States Supreme Court's opinion in *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Following issuance of said opinion and after a hearing before Judge West, appellant's case was remanded to this Court for further consideration in light of *Clemons*. *Stafford v. Saffle*, CIV–85–1950–W (W.D.Okla. July 19, 1990). This Court was not advised of the remand order until August 1, 1991, when such was brought to our attention by the Office of the Oklahoma Attorney General.

In his original application in this matter, appellant asserted *inter alia* that (1) this Court followed an unconstitutional construction of the "heinous, atrocious or cruel" aggravating circumstance when it originally affirmed his death sentences in *Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983); (2) the jury instruction on said aggravating circumstance was unconstitutional; and (3) the evidence was insufficient to support the jury's finding of this aggravating circumstance. Without detailed discussion, this Court held that in view of the evidence against appellant and the existence the other aggravating circumstances, any error in the jury's finding of the "especially heinous, atrocious or cruel" aggravating circumstance was harmless beyond a reasonable doubt. Because *Clemons* requires that a reviewing court declare with specificity the evidence and circumstances relied upon in reweighing a case such as this [2], appellant's cause was remanded for further clarification. [3]

Briefly stated, the facts of this case are as follows. On June 21, 1978, appellant,

---

venting a lawful arrest or prosecution. 21 O.S.Supp.1976, § 701.12(5).

**2.** "It is axiomatic that in reweighing the remaining aggravating circumstances against the mitigating circumstances, an appellate court is required to make an individualized determination from an actual reweighing." *Stafford v. State*,

815 P.2d 685, 689 (Okl.Cr.1991), citing *Clemons*, 494 U.S. at 752, 110 S.Ct. at 1450 (emphasis added).

**3.** As Judge West noted in his remand order, this Court did not have the benefit of the Supreme Court's statements in *Clemons* at the time we issued our original order.

his wife Verna, and his brother Harold, were driving north on Interstate Highway 35 when they decided to stop their car, raise the hood and feign distress in hopes that a wealthy good samaritan would come along. Verna attempted to flag down passing vehicles while appellant and Harold hid in the darkness behind the car. Shortly thereafter, Melvin Lorenz stopped his camper and attempted to assist Mrs. Stafford. Appellant then emerged, demanded Lorenz's wallet, and shot Lorenz two times when he refused to give appellant all of his money. Appellant next shot Linda Lorenz after she ran toward her fallen husband and, lastly, shot eleven-year-old Richard Lorenz as he sat calling from the back of the camper. *See Stafford*, 669 P.2d at 289–90, for a more detailed statement of the facts.

Following the first stage proceedings, the trial court instructed the jury regarding punishment. The State then moved to incorporate all the evidence introduced in the first stage into the second stage. Neither the State nor appellant presented any second stage evidence, and the jury was properly instructed concerning aggravating circumstances, mitigating circumstances, and the burdens of proof associated therewith. *Stafford*, 669 P.2d at 298.

■ On direct appeal, this Court determined that the "especially heinous, atrocious or cruel" aggravating circumstance was factually substantiated. Our complete analysis of this circumstance was stated as follows:

> [A]ll three murders were especially heinous, atrocious and cruel. The unprovoked murders committed upon a family who had taken time as they made their way to the funeral of a loved one to stop and help a fellow citizen were "extremely wicked," "shockingly evil" and "outrageously wicked and vile."

*Id.* (citations omitted). Subsequently, however, the construction of this aggravating circumstance which this Court applied to similar cases was declared "unconstitutionally vague." *Cartwright v. Maynard*, 822 F.2d 1477, 1482 (10th Cir.1987), *aff'd Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct.

1853, 100 L.Ed.2d 372 (1988). We have since held that this aggravating circumstance is limited to those murders which are preceded by torture or serious physical abuse. *Stouffer v. State*, 742 P.2d 562, 563 (Okl.Cr.1987) (Opinion on Rehearing), *cert. denied* 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 779 (1988). As this Court stated in *Battenfield v. State*, 816 P.2d 555 (Okl.Cr. 1991):

> Absent evidence of conscious physical suffering of the victim prior to death, the required torture or serious physical abuse standard is not met. This Court should not affirm a death sentence until it has independently assessed the record evidence and determined that such evidence supports the sentencer's finding of an aggravating circumstance. This Court has an affirmative obligation to keep the application of aggravating circumstances within constitutional bounds, and to prevent them from becoming a 'catch-all' for capital cases which do not fit any other statutory aggravating circumstances. The Tenth Circuit's decision in *Cartwright v. Maynard*, 822 F.2d 1477, 1487–91 (10th Cir.1987), explicitly details this Court's failure to fulfill this obligation between 1980 and 1987 with regard to the aggravating circumstance at issue.

*Battenfield*, 816 P.2d at 565 (citations omitted).

In light of these subsequent decisions, we agree with appellant that our original affirmance of this aggravating circumstance was erroneous. "[W]e must remain vigilant and consistently apply the *Stouffer* narrowing construction to rebut 'any suggestion that [this Court] engages in only cursory or rubber-stamp review of death penalty cases....'" *Battenfield*, 816 P.2d at 565–66, quoting *Proffitt v. Florida*, 428 U.S. 242, 259, 96 S.Ct. 2960, 2969, 49 L.Ed.2d 913 (1976). Under the standard announced in *Stouffer*, we conclude that the State presented insufficient evidence from which a rational trier of fact could find that the murders of the Lorenz family were preceded by "torture or serious physical abuse."

As previously set forth, the jury found the existence of three (3) aggravating circumstances with respect to all three victims, and found the existence of a fourth aggravating circumstance with respect to both Linda and Richard Lorenz. In addition to the "especially heinous, atrocious or cruel" aggravating circumstance, the jury found that the defendant knowingly created a great risk of death to more than one person (one count for each victim), that he constituted a continuing threat to society (one count for each victim), and that the murders of Linda and Richard Lorenz were committed for the purpose of avoiding or preventing a lawful arrest or prosecution. This Court has previously reviewed the evidence in support of these other aggravating circumstances and found that each circumstance was factually substantiated. *Stafford*, 669 P.2d at 299. We reaffirm our prior decision regarding those circumstances.

In *Stouffer*, this Court held that an independent reweighing of aggravating and mitigating circumstances where one of several aggravating circumstances has been invalidated is implicit to our statutory duty to determine the factual substantiation of a verdict and validity of a death sentence.... Furthermore, the Supreme Court has recently held that there is "nothing in appellate weighing or reweighing of the aggravating circumstances that is at odds with contemporary standards of fairness or that is inherently unreliable and likely to result in arbitrary imposition of the death sentence." *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 1449, 108 L.Ed.2d 725 (1990). The Court also stated that the absence of written jury findings concerning mitigating circumstances does not hinder an appellate court's performance of this function. *Id.*
*Battenfield*, 816 P.2d at 566–67 (Okl.Cr. 1991) (citations omitted). *See also Stafford v. State*, 815 P.2d 685 (Okl.Cr.1991).

This Court has carefully weighed the evidence offered in support of all but the "heinous, atrocious or cruel" aggravating circumstances against any evidence which, in fairness and mercy, may be considered as extenuating or reducing the degree of moral culpability or blame, and find that the sentences of death are factually substantiated and valid. Therefore, even after finding that the "heinous, atrocious or cruel" aggravating circumstances are invalid, we reaffirm our previous denial of appellant's application for post-conviction relief.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.