Roger Dale STAFFORD, Sr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–89–155.

Court of Criminal Appeals of Oklahoma.

April 29, 1993.

**224**

Stephen Jones and Craig Bryant, Jones, Bryant & Nigh, Enid, for appellant.

Susan B. Loving, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION ON REMAND

CHAPEL, Judge.

Roger Dale Stafford, Sr., appellant, was charged with three counts of First Degree Murder in McClain County District Court, Case No. CRF–79–83, for the 1978 deaths of Melvin and Linda Lorenz and their son, Richard. Following a jury trial, appellant was convicted and sentenced to death on all three counts. This Court affirmed the convictions and sentences of death in *Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983).

The subsequent lengthy and complex procedural appellate history of this case is set forth with particularity in *Stafford v. State*, 832 P.2d 20 (Okl.Cr.1992) (opinion on remand), and does not warrant repeating here. That opinion on remand was written in response to an order from the United States District Court for the Western District (*Stafford v. Saffle*, CIV–85–1950–W (W.D.Okla. July 19, 1990)), directing this Court to further consider the case in light of *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Upon reconsideration, this Court acknowledged that its original affirmance of the "heinous, atrocious or cruel" aggravator had been erroneous. In accordance with our statutory powers of review, we then reweighed "the evidence offered in support of all but the 'heinous, atrocious or cruel' aggravating circumstances against any evidence which, in fairness and mercy, [could] be considered as extenuating or [as] reducing the degree of moral culpability or blame," and determined that the sentences of death were factually substantiated. *Stafford, supra*, 832 P.2d at 24.

In the federal habeas proceeding originally instituted on August 2, 1985, appellant subsequently argued that this Court inadequately reweighed the aggravating and mitigating circumstances and thus deprived him of his right to an individualized sentencing determination. *See Richmond v. Lewis*, — U.S. —, —, 113 S.Ct. 528, 535, 121 L.Ed.2d 411 (1992); *Stringer v. Black*, 503 U.S. —, —, 112 S.Ct. 1130, 1136, 117 L.Ed.2d 367 (1992). The District Court agreed, and remanded the case to this Court with instructions to provide a more thorough account of the evidence—especially the mitigating evidence—considered in the reweighing process. *See Stafford v. Saffle*, CIV–85–1950–W (W.D.Okla. March 10, 1993). This opinion on remand is in response to the District Court's March 10, 1993, order.

The evidence presented at trial indicated that on June 21, 1978, appellant, his wife Verna, and his brother Harold, pulled their car to the shoulder of Interstate Highway 35 and raised the hood, hoping that someone with some money would stop to help. Appellant and Harold hid behind their car while Verna attempted to attract passing vehicles. Finally, Melvin and Linda Lorenz and their young son Richard stopped. Mr. Lorenz exited his car and was ultimately shot when he refused to give his wallet to appellant. Mrs. Lorenz came to her husband's rescue and also was shot. Richard was calling for his parents from the back of the Lorenz's camper when appellant fatally shot him.

In addition to the failed "heinous, atrocious or cruel" aggravating circumstance, the jury found three aggravators in rela-

tion to the murders of Mrs. Lorenz and her son Richard, and two in relation to the murder of Mr. Lorenz.[1] The aggravators found to have existed for the murders of Mrs. Lorenz and Richard were that appellant knowingly created a great risk of death to more than one person, that appellant would probably commit future criminal acts of violence that would constitute a continuing threat to society, and that appellant committed the murders to avoid or prevent lawful arrest or prosecution. The facts supporting the "great risk of death to more than one person" aggravator were that appellant killed three people. Evidence of the brutal and callous nature of the murders, coupled with appellant's willingness to lure innocent people to their doom, supported the jury's finding of the "continuing threat" aggravator. Finally, the fact that appellant chose to murder Mrs. Lorenz and her son Richard after having robbed and killed Mr. Lorenz, supported the jury's determination that he did so to avoid lawful arrest or prosecution.

The aggravators found to have existed for the murder of Mr. Lorenz were that appellant knowingly created a great risk of death to more than one person, and that he would probably commit future criminal acts of violence that would constitute a continuing threat to society. Again, the fact that appellant killed three innocent people supported the jury's determination that he created a great risk of death to more than one person. The "continuing threat" aggravator in relation to the murder of Mr. Lorenz was supported by evidence of the cold-blooded nature of the killing: Mr. Lorenz saw what appeared to be a woman with car trouble; he drove his truck—in which his wife and young son rode—to the side of the road to render assistance; he attempted to help Verna Stafford as she looked at the engine; he was approached by appellant who had been hiding behind the car, and was ordered to

surrender his wallet; and, Mr. Lorenz was then shot to death by appellant.

Among the arguably mitigating evidence presented during first stage proceedings was the following: appellant had financial problems and lived like a transient; he had three young children; his wife, the main witness against him, had lied several times about the offenses in question; appellant told police that he did not recall having killed the Lorenz family, and that he needed psychiatric help; and, appellant was a good employee. Neither the State nor the defense presented any evidence during the penalty phase. However, the jury was specifically instructed to consider whether the following mitigators applied to the facts of the case: appellant had no significant criminal history; the murder was committed while appellant was under extreme emotional or mental stress; the victim participated in or consented to the homicidal act; appellant believed the circumstances surrounding the murders provided a moral justification for his conduct; appellant was an accomplice to the murder, which was committed by another person, and his participation was relatively minor; appellant acted under duress or under the domination of another person; appellant's capacity at the time of the murders to appreciate the wrongfulness of his conduct, or to conform his conduct to the requirements of the law, was impaired as a result of mental disease or intoxication; and, defendant was only twenty-eight (28) at the time of the murders. *See* Instruction No. 8.

 This Court must review the aggravating and mitigating evidence to ascertain the role which the invalid "heinous, atrocious or cruel" aggravator played in the jury sentencing process. *See Stringer v. Black, supra,* 503 U.S. at ——, 112 S.Ct. at 1136. In accordance with both *Richmond v. Lewis, supra,* —— U.S. at ——, 113 S.Ct. at 535, and *Stringer,* 503 U.S. at ——, 112 S.Ct. at 1137, this Court must then determine, through the reweighing

---

1. On direct appeal, this Court reviewed the evidence in support of these aggravating circumstances and found that each was factually substantiated. *See Stafford v. State,* 669 P.2d 285, 299 (Okl.Cr.1983). In its first opinion on re-

mand, this Court reaffirmed that finding. *See Stafford v. State,* 832 P.2d 20, 24 (Okl.Cr.1992). We once again reaffirm our original finding that these valid aggravators were amply supported by the trial record.

process, what the jury in this case would have decided had it not considered the invalid aggravator. *See also Stout v. State*, 817 P.2d 737, 739 (Okl.Cr.1991). If the failed aggravator formed the basis of the jury's decision to impose the death penalty, the sentence must be reversed.

 After careful, independent review and consideration of the evidence as set forth above which supports the valid aggravating circumstances, as well as the evidence which may be considered mitigating, this Court finds the sentence of death factually substantiated and appropriate. Indeed, this case does not present a single close question upon reweighing. Neither the arguable mitigators to which the evidence gave rise during first stage proceedings, nor the specific mitigating factors provided through Instruction No. 8 during the penalty phase of trial, were compelling. The mitigating evidence was so insubstantial that, rather than call any second stage witnesses, defense counsel attempted to influence the jury by informing it of his own personal crusade against the death penalty. He referred to a "higher power," arguing that human beings are fallible and should not have the ability to decide whether another person lives or dies. Finally, he claimed that the Lorenz family was probably "in a lot better place" and "in a lot better shape" than those present in the courtroom that day. Frankly, we are offended by the manner in which defense counsel attempted to mask the lack of mitigating evidence in this case.

In the context of the reweighing process, it is noteworthy that the prosecutor during closing argument did specifically refer to the failed "heinous, atrocious or cruel" aggravator, emphasizing the language in the instruction which has since been held unconstitutionally vague. *See Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). However, only one small portion of the State's entire closing argument was devoted to this aggravator. The prosecutor placed more emphasis upon the other three valid aggravating circumstances which the jury ultimately found to have existed. Given the substantial evidence supporting the three valid aggravators and the paucity of mitigating evidence, it is clear that the jury's improper consideration of the unconstitutional aggravator did not play a significant role in its decision to sentence appellant to death. *But see Clemons v. Mississippi, supra*, 494 U.S. at 753–54, 110 S.Ct. at 1451. We therefore again reaffirm our previous denial of appellant's application for post-conviction relief.

LUMPKIN, P.J., JOHNSON, V.P.J., LANE, J., concur.