**Roger Dale STAFFORD, Sr., Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–95–716.**

Court of Criminal Appeals of Oklahoma.

June 30, 1995.

J. Malone Brewer, Oklahoma City, for defendant at trial.

Kay Huff, Dist. Atty., for State at trial.

Stephen Jones, James L. Hankins, Jones, Wyatt & Roberts, Enid, for petitioner on appeal.

W.A. Drew Edmondson, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for respondent on appeal.

## OPINION AFFIRMING DENIAL OF APPLICATION FOR POST–CONVICTION RELIEF AND DENYING REQUEST FOR VACATION OF DEATH SENTENCE AND MOTION FOR STAY OF EXECUTION

CHAPEL, Vice Presiding Judge.

Roger Dale Stafford, Sr., was charged with three counts of First Degree Murder in McClain County District Court, Case No. CRF–79–83, for the 1978 deaths of Melvin and Linda Lorenz and their son, Richard. Following a jury trial Stafford was convicted and sentenced to death on all three counts. This Court affirmed the convictions and sentences of death.[1]

The subsequent appellate procedural history of this case must be briefly described. The Supreme Court granted Stafford's petition for writ of certiorari from his direct appeal, vacated this Court's decision, and remanded the case for consideration of an argument of ineffective assistance of counsel in light of subsequent Supreme Court case law.[2] Upon reconsideration this Court again affirmed Stafford's convictions and sentences.[3] The McClain County District Court denied Stafford's Application for Post–Conviction Relief and this Court affirmed.[4]

Stafford filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Oklahoma. Those proceedings were stayed so Stafford could exhaust the issue of hypnosis of a witness in state court. The McClain County District Court's denial of Stafford's supplemental Application for Post–Conviction Relief was affirmed by this Court in an unpublished order.[5] The Western District denied relief in the habeas proceedings on November 23, 1987.

Stafford appealed to the Tenth Circuit, claiming for the first time that the "especially heinous, atrocious or cruel" aggravating circumstance was being applied in an unconstitutional manner. The Tenth Circuit dismissed the appeal without prejudice to permit exhaustion of this issue in state courts. The McClain County District Court denied relief and this Court affirmed the denial by unpublished order.[6]

The federal habeas petition was further stayed pending issuance of the Supreme

---

1. *Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983).

2. *Stafford v. Oklahoma*, 467 U.S. 1212, 104 S.Ct. 2652, 81 L.Ed.2d 359 (1984).

3. *Stafford v. State*, 697 P.2d 165 (Okl.Cr.1985). The Supreme Court denied Stafford's petition for certiorari, *Stafford v. Oklahoma*, 473 U.S. 911, 105 S.Ct. 3537, 87 L.Ed.2d 660 (1985).

4. *Stafford v. State*, 731 P.2d 1372 (Okl.1987).

5. *Stafford v. State*, PC–86–904 (Okl.Cr. Feb. 3, 1987).

6. *Stafford v. State*, PC–89–155 (Okl.Cr. Sept. 19, 1989).

Court opinion in *Clemons v. Mississippi*[7], after which the case was remanded to this Court for further consideration in light of *Clemons*.[8] Upon being advised of the remand this Court reconsidered the case, invalidated the aggravating circumstance, reweighed the remaining aggravating and mitigating circumstances, and reaffirmed its denial of post-conviction relief.[9] The Western District again remanded the case to this Court with instructions to provide a more thorough account of the evidence considered in the reweighing process.[10] This Court again reaffirmed its previous decisions.[11] The Tenth Circuit affirmed the federal district court's subsequent denial of Stafford's petition for habeas, and the Supreme Court denied certiorari.[12]

This Court issued an Order setting Stafford's execution,[13] which resulted in a flurry of motions to this Court, the United States District Court for the Western District, and the Tenth Circuit. On June 9, 1995, the Western District denied Stafford's Motion for Relief from Final Judgment and request for an order directing this Court to vacate Stafford's execution date, and the Tenth Cir-

cuit affirmed on June 29, 1995.[14] On June 27, 1995, the McClain County District Court issued an Order denying Stafford's Subsequent Application for Post–Conviction Relief and request for stay of execution. Stafford now appeals from this Order.[15]

■ Stafford asserts three grounds for relief that have not been previously decided by this Court.[16] He first claims that the district court erred in determining that evidence of bloody fingerprints found at the scene of the crime was not material. The record shows that, although the evidence was not produced at trial, Stafford has known about the fingerprints since 1988, yet he is raising the issue for the first time on the eve of execution. This Court will not consider issues which could have been raised in earlier post-conviction proceedings.[17]

■ Stafford also claims the district court erred in denying his claim that his prolonged incarceration on death row constitutes cruel and unusual punishment. This has become known as a *Lackey* claim.[18] Stafford argues that the district court erred in finding that much of the delay in the imposition of sen-

7. 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).

8. *Stafford v. Saffle*, CIV–85–1950–W (W.D.Okla. July 19, 1990).

9. *Stafford v. State*, 832 P.2d 20 (Okl.Cr.1992) (opinion on remand).

10. *Stafford v. Saffle*, CIV–85–1950–W (W.D.Okla. March 10, 1993).

11. *Stafford v. State*, 853 P.2d 223 (Okl.Cr.1993) (opinion on remand).

12. *Stafford v. Saffle*, 34 F.3d 1557 (10th Cir. 1994), *cert. denied sub. nom. Stafford v. Ward*, —— U.S. ——, 115 S.Ct. 1830, 131 L.Ed.2d 751 (U.S. 1995).

13. *State v. Stafford*, No. F–80–256 (Okl.Cr. May 1, 1995).

14. *Stafford v. Ward*, Order & Judgment, No. 95–6218, 60 F.3d 668 (10th Cir. June 29, 1995).

15. This Court's scope of review is limited as we have neither the transcripts nor the record from the proceedings below. The district court's Order confirms that, while counsel presented statements and argument, there was *no evidence* presented in support of the claims below. Counsel

has presented this Court with thorough and well-reasoned argument, and we need not review the arguments presented to the district court to resolve these claims. In addition, we agree with the district court's decision to deny Stafford an evidentiary hearing on the issues below, and do not need to review the transcripts.

16. The first and third grounds asserted both turn on the District Court's finding that the evidence of bloody fingerprints was not material.

17. 22 O.S.Supp.1995, § 1086; *Fowler v. State*, 896 P.2d 566 (Okl.Cr.1995); *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

18. In *Lackey v. Texas*, —— U.S. ——, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995), the Supreme Court unanimously denied a petition for certiorari, refusing to hear Lackey's claim that the Eighth Amendment prohibited the execution of a prisoner who had been on death row for seventeen years. Justice Stevens appended a memorandum opinion in which he noted that the claim was novel and important but determined that those factors provided a basis for postponing review by the high court until the issue is addressed in lower courts. Justice Breyer agreed that the issue was important and undecided.

tence has been due to the numerous reviews Stafford sought. We note that Stafford's direct appellate relief was exhausted after 1985 and proceedings after that resulted from post-conviction claims made by Stafford. This Court will not grant relief on this claim. The United States Supreme Court and three federal circuit courts have refused to grant relief on this issue, and we are not inclined to review the claim based on the memorandum opinion of a single Justice.[19] Furthermore, Stafford could have raised this issue in earlier proceedings.[20]

We have carefully considered the entire record before us on appeal, including Stafford's application and the District Court's findings of fact and conclusions of law, and find that Stafford is not entitled to relief as all grounds urged for relief are procedurally barred since they could have been raised years earlier. We therefore find that the Order of the District Court of McClain County denying Stafford's Application for Post–Conviction Relief and denying request for stay of execution should be and hereby is AFFIRMED, and Stafford's request for vacation of sentence and motion for stay of execution are **DENIED.**

JOHNSON, P.J., and LUMPKIN, LANE and STRUBHAR, JJ., concur.

**19.** *Lackey,* —— U.S. at ——, 115 S.Ct. at 1421, 131 L.Ed.2d at 304; *Fearance v. Scott,* 56 F.3d 633 (5th Cir. (Tx.) June 18, 1995); *McKenzie v. Day,* 57 F.3d 1493 (9th Cir. (Mont.) 1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 1840, 131 L.Ed.2d 846 (1995); *Turner v. Jabe* (unpublished) 1995 WL 324034 (4th Cir. (Va.) May 24, 1995).

**20.** See *Richmond v. Ricketts,* 640 F.Supp. 767 (D.Ariz.1986), *aff'd, Richmond v. Lewis,* 948 F.2d 1473 (9th Cir.1990), *rev'd on other grounds,* —— U.S. ——, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992), *vacated,* 986 F.2d 1583 (9th Cir.1993); *Andrews v. Shulsen,* 600 F.Supp. 408 (D.Utah 1984), *aff'd* 802 F.2d 1256 (10th Cir.1986), *cert. denied,* 485 U.S. 919, 108 S.Ct. 1091, 99 L.Ed.2d 253 (1988).