60 F.3d 668
 Roger Dale STAFFORD, Sr., Appellant-Petitioner,
v.
Ron WARD, Warden, Oklahoma State Penitentiary at McAlester,
Oklahoma; Drew Edmondson, Attorney General of
Oklahoma, Appellees-Respondents.
 No. 95-6218.
 United States Court of Appeals,
Tenth Circuit.
 June 29, 1995.
Certiorari Denied June 30, 1995.
See 115 S.Ct. 2640.
 
 Stephen Jones, OBA and James L. Hankins, OBA of Jones, Wyatt & Roberts, Enid, OK, for appellant-petitioner.
 Drew Edmondson, Atty. Gen., and Sandra Howard, Chief, Crim. Div., Oklahoma City, OK, for appellees-respondents.
 Before MOORE, LOGAN, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 We have before us an appeal from a district court order denying Appellant's following two motions: (1) a motion pursuant to Fed.R.Civ.P. 60(b) for relief from the final judgment dismissing Appellant's prior habeas petition, or for an evidentiary hearing; and (2) a motion for an order directing the Oklahoma Court of Criminal Appeals to vacate its order setting Appellant's execution date. We also have before us Appellant's motion for stay of execution pending appeal and non-expedited briefing schedule.[1] Having carefully considered these matters, we deny the motion for stay of execution and non-expedited appeal and affirm the district court ruling denying relief on the two substantive motions.
 
 
 2
 We first address Appellant's Rule 60(b) motion for relief from the final judgment dismissing Appellant's prior habeas petition, or for an evidentiary hearing. Appellant's argument is that newly discovered evidence suggests, most significantly, that the Oklahoma Court of Criminal Appeals did not have the state court trial record before it at the time it purported to reweigh the aggravating and mitigating factors pursuant to Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).[2]
 
 
 3
 We begin by observing that the Oklahoma Court of Criminal Appeals explicitly stated that it had carefully reviewed the evidence and that it did, in fact, conduct a conscientious and independent reweighing. Stafford v. State, 853 P.2d 223, 226 (Okla.Crim.App.1993) ("After careful, independent review and consideration of the evidence as set forth above which supports the valid aggravating circumstances, as well as the evidence which may be considered mitigating, this Court finds the sentence of death factually substantiated and appropriate."); see id. at 225 n. 1 ("We once again reaffirm our original finding that these valid aggravators were amply supported by the trial record."). We have examined the evidence as submitted by Appellant in support of this motion, and we find nothing to undermine this statement.
 
 
 4
 The docket sheet from the Oklahoma Court of Criminal Appeals reveals that the trial court transcript was sent back from the federal court system to the state court system in "April 1993," and the Oklahoma Court of Criminal Appeals' reweighing was not decided until April 29, 1993. 853 P.2d 223. Therefore, the docket sheet is totally consistent with the Oklahoma Court of Criminal Appeals' statement that it reviewed the evidence and conducted its own independent reweighing.[3] The other evidence submitted by Appellant included the affidavit of attorney James L. Hankins. We have reviewed that affidavit and note that it does not demonstrate that the Oklahoma Court of Criminal Appeals in fact failed to perform the review and reweighing that it represented it had done.
 
 
 5
 The federal district court denied relief on this motion, declining to conduct an "inquiry into the inner-workings of the Oklahoma Court of Criminal Appeals, the role of the court staff and the internal policies and procedures of the state court clerk's office." Stafford v. Ward, No. CIV-85-1950-W (June 9, 1995). Here, the Oklahoma Court of Criminal Appeals explicitly and unequivocally stated that it did reweigh the evidence according to the standards of Clemons, and Appellant has submitted no evidence impeaching that statement. Thus, we affirm the district court's denial of relief and denial of an evidentiary hearing under Appellant's Rule 60(b) motion.[4]
 
 
 6
 We turn now to Appellant's motion for an order directing the Oklahoma Court of Criminal Appeals to vacate its order setting Appellant's execution date for July 1, 1995. Appellant argues that the Oklahoma Court of Criminal Appeals' order setting this execution date is void because it was issued at a time when the federal district court had an extant order staying further state proceedings in his case.
 
 
 7
 On May 5, 1993, the United States District Court for the Western District of Oklahoma denied habeas relief, but nevertheless entered an order on June 18, 1993, "that all proceedings in the state court action, State v. Stafford, No. CRF-79-83 are STAYED until resolution of the petitioner's appeal to the United States Court of Appeals for the Tenth Circuit and further Order of this [district] Court." On September 12, 1994, we affirmed the denial of habeas relief. On October 24, 1994, we ruled on Appellant's motion for a stay of the mandate pending application to the Supreme Court for a writ of certiorari, concluding that:
 
 
 8
 Upon consideration whereof, it is ordered that issuance of the mandate is stayed until January 11, 1995, and that if, on or before that date, there is filed with the Clerk of this Court a notice from the Clerk of the Supreme Court that appellant has filed a timely petition for writ of certiorari in that court, the stay shall continue until final disposition in the Supreme Court.
 
 
 9
 Stafford v. Saffle, No. 93-6214, order of Oct. 24, 1994. On December 20, 1994, we further stayed the issuance of the mandate through March 10, 1995, again reiterating that if Appellant filed a timely petition for writ of certiorari, "the stay shall continue until final disposition in the Supreme Court." Stafford v. Saffle, No. 93-6214, order of Dec. 20, 1994. On May 1, 1995, the Supreme Court denied Appellant's petition for a writ of certiorari. That same day, the Oklahoma Court of Criminal Appeals set an execution date for July 1, 1995, in response to an application by the Attorney General.
 
 
 10
 In arguing that the order setting the execution date should be vacated, Appellant cites to 28 U.S.C. Sec. 2251, which reads as follows:
 
 
 11
 A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.
 
 
 12
 After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.
 
 
 13
 It is Appellant's argument that the federal district court stay of June 18, 1993 had never been lifted and therefore, under Sec. 2251, the setting of an execution date by the Oklahoma Court of Criminal Appeals is "void." We note that when this argument was presented to the federal district court that entered the initial stay in question, that court was unimpressed. It concluded that the stay was lifted at the time that the Supreme Court denied certiorari and the order denying Appellant federal habeas relief became final. Stafford v. Ward, No. CIV-85-1950-W, at 10-11 (June 9, 1995) (citing In re Jugiro, 140 U.S. 291, 11 S.Ct. 770, 35 L.Ed. 510 (1891)). We agree.
 
 
 14
 Once a final decision has occurred concluding that no federal habeas relief is warranted, there remains no valid basis to support a continuing stay. When this court concluded that there was no basis for habeas relief, the necessary consequence of that decision was to determine that a further stay was unwarranted. However, recognizing the possibility of a petition for a writ of certiorari, we entered our own stay of our mandate pending review and disposition by the United States Supreme Court. Our stay was explicitly ordered to continue only "until final disposition of the Supreme Court." When the United States Supreme Court denied Appellant's petition for a writ of certiorari on May 1, 1995, that effectively removed our stay. Thus, as of May 1, 1995, there was no effective stay against the state court from taking further action. Therefore, we do not believe that the Oklahoma Court of Criminal Appeals' order of May 1, 1995 setting Appellant's execution date for July 1, 1995 ran afoul of the prescription of 28 U.S.C. Sec. 2251.
 
 
 15
 In this analysis, we are guided by the Supreme Court's analysis in In re Jugiro, 140 U.S. 291, 11 S.Ct. 770, 35 L.Ed. 510 (1891). In that case, a similar argument was made that a state court order setting an execution date after the United States Supreme Court had affirmed the dismissal of the petitioner's habeas petition, but before the Supreme Court's mandate had been issued, was void under a predecessor statute to 28 U.S.C. Sec. 2251. That statute provided that "[p]ending the proceedings or appeal [in a federal habeas corpus action] ... and until final judgment therein, and after final judgment of discharge, any proceeding against the person so imprisoned or confined or restrained of his liberty, in any state court, or by or under the authority of any State, for any matter so heard and determined, or in process of being heard and determined, under such writ of habeas corpus, shall be deemed null and void." U.S.Rev.Stat. Secs. 763-766. In rejecting the petitioner's claim, the Supreme Court explained as follows:
 
 
 16
 Of the object of the statute there can be no doubt. It was--in cases where the applicant was held in custody under the authority of a state court or by the authority of a State--to stay the hands of such court or State, while the question as to whether his detention was in violation of the Constitution, laws, or treaties of the United States was being examined by the courts of the Union having jurisdiction in the premises. But the jurisdiction of the state court in the cases specified is restrained only pending the proceedings in the courts of the United States, and until final judgment therein. This court, on the 24th of November, 1890 ... affirmed ... the judgment of the Circuit Court denying the former application for a writ of habeas corpus. That was its final judgment in the premises, because it determined the whole controversy involved in the appeal. Upon its rendition, the appeal from the judgment of the Circuit Court was no longer pending in the court; and nothing remained that was "in process of being heard and determined." It was none the less a final disposition of the case because, at a subsequent date, under the rules and practice of this court, a mandate would be sent down to the Circuit Court, showing the fact of the affirmance of its judgment. It is true that it would have been more appropriate and orderly if the state court had deferred final action until our mandate was issued and filed in the Circuit Court. But, in view of the words of the statute, we do not feel authorized to hold that the order in the state court of December 1, 1890, made after the final judgment here of November 24, 1890, was absolutely void.
 
 
 17
 Id. at 295-96, 11 S.Ct. at 772; see also In re Durrant, 169 U.S. 39, 18 S.Ct. 291, 42 L.Ed. 653 (1898). We believe these same principles apply here. Accordingly, we affirm the district court's denial of Appellant's motion for an order directing the Oklahoma Court of Criminal Appeals to vacate its order setting Appellant's execution date.
 
 
 18
 In accordance with the foregoing, we DENY the Appellant's motion for stay of execution pending appeal and non-expedited briefing schedule and we AFFIRM the district court's order denying Appellant's motion under Fed.R.Civ.P. 60(b) for relief from final judgment or for an evidentiary hearing, and denying Appellant's motion for an order directing the Oklahoma Court of Criminal Appeals to vacate its order setting Appellant's execution date. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 This panel has closely monitored these matters since they were initially filed in the United States District Court, and considerable effort has been expended on the issues raised. This panel has had the benefit of all the briefs filed with the district court as well as briefs filed with us. Accordingly, the panel has determined unanimously that oral argument would not be useful and that further delay in this appeal is not warranted. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Appellant's request for oral argument is therefore denied and the case is ordered submitted without oral argument
 
 
 [2]
 Stafford's case had been remanded to the Oklahoma Court of Criminal Appeals to provide a more thorough analysis of a prior reweighing. See Stafford v. Saffle, CIV-85-1950-W (W.D.Okla. March 10, 1993) (as cited in Stafford v. State, 853 P.2d 223, 224 (Okla.Ct.Crim.App.1993))
 
 
 [3]
 Appellant argues that although the docket sheets indicate that the trial record was returned to the state court system in April of 1993, they do not indicate that the trial record was sent to the individual judges on the Oklahoma Court of Criminal Appeals. However, the evidence submitted is insufficient to show that such an event would have been reflected as a docket sheet entry. Even if such evidence had been submitted, we would have no reason to assume that the judges did not review the trial record, notwithstanding their express representation to the contrary, rather than assuming that there was simply an error in the docket sheets
 
 
 [4]
 Stafford also claims that law clerks and a judge who later retired initially drafted the Oklahoma Court of Criminal Appeals' opinion, and that the authoring judge's participation in that opinion was minimal. That claim is predicated on mere speculation and hearsay. Further, it asks us to probe the work habits of the individual judges on the Oklahoma Court of Criminal Appeals, and we decline to do so on the basis of the record before us