UNITED STATES COURT OF APPEALS

Filed 9/11/96

FOR THE TENTH CIRCUIT

MARCEL LAMAR JACKSON,

Petitioner-Appellant,

v.

RONALD CHAMPION, and
ATTORNEY GENERAL FOR THE
STATE OF OKLAHOMA,

Respondents-Appellees.

Nos.  95-5110
&
95-5148
(D.C. No. 94-C-377-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Petitioner Marcel Lamar Jackson appeals the district court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2254. The district court determined that petitioner had procedurally defaulted his claims in state court by failing to raise them in his first application for post-conviction relief. The court further concluded that petitioner had not established either cause for his procedural default or a fundamental miscarriage of justice. We exercise jurisdiction under 28 U.S. C. § 1291, and affirm for substantially the reasons recited by the district court.

Petitioner was convicted pursuant to a guilty plea in Oklahoma state court in 1987. He did not move to withdraw his plea within ten days or file a direct appeal. In 1990, he filed an application for post-conviction relief in state court raising an issue related to his sentencing. That application was denied by the trial court and petitioner did not appeal. In 1993, petitioner filed a second application for post-conviction relief in which he raised a new sentencing issue. Petitioner also claimed that he had been denied an appeal through no fault of his own because the trial court failed to inform him of all his appellate rights, as did his trial counsel. The trial court denied the application and the Oklahoma Court of Criminal Appeals affirmed. Citing Okla. Stat. tit. 22, § 1086, the appellate court

held that petitioner had defaulted his claims by failing to raise them either on direct appeal or in his first application for post-conviction relief. R. Vol. I, Doc. 6, Ex. F at 2. Petitioner then brought the present habeas petition, contending that he had been denied an appeal through no fault of his own, that his counsel had been ineffective by failing to advise him of his appellate rights, and that the Oklahoma court had erred in barring his claims.[1]

"On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.), cert. denied, 115 S. Ct. 1972 (1995). A finding of procedural default qualifies as an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992)).

Here, the Oklahoma Court of Criminal Appeals' procedural bar was an "independent" state ground because "it was the exclusive basis for the state

---

[1] Petitioner did not assert in his federal habeas petition either of the sentencing issues he had raised in state court.

court's holding." Id. at 985. Further, it was an "adequate" ground because, despite petitioner's contentions to the contrary, the Oklahoma Court of Criminal Appeals has consistently applied Okla. Stat. tit. 22, § 1086 to bar claims that could have been raised in earlier post-conviction proceedings. See, e.g., Stafford v. State, 899 P.2d 657, 659 (Okla. Crim. App.), cert. denied, 115 S. Ct. 2640 (1995); Smith v. State, 878 P.2d 375, 377 (Okla. Crim. App.), cert. denied, 115 S. Ct. 673 (1994); Steele, 11 F.3d at 1522 (noting that the Oklahoma court has "stated clearly that section 1086 'strictly' prohibits raising issues that could have been raised before, even issues involving fundamental, constitutional rights"). Therefore, unless petitioner can show either cause and actual prejudice or a fundamental miscarriage of justice, his claims are procedurally barred from federal review.

Petitioner contends that his trial counsel's failings constitute cause for his failure to take a direct appeal. He also argues that, because he is pro se, we should apply a less stringent standard in determining whether he has demonstrated cause for his failure to include the present claims in his first post-conviction application for relief. We have previously rejected petitioner's contention that his status as a pro se litigant should afford him more latitude in demonstrating cause. See Steele, 11 F.3d at 1522; Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991). Failure to recognize either the factual or the legal basis for a claim does

not constitute cause for procedural default.  Murray v. Carrier, 477 U.S. 478, 486-87 (1986).

Therefore, even if petitioner could demonstrate cause for his failure to take a direct appeal due to errors of counsel, we agree with the district court that petitioner has not demonstrated cause for failing to include the present issues in his first application for post-conviction relief.  Because petitioner has not made any claim of factual innocence, he has not shown that application of a procedural bar would result in a fundamental miscarriage of justice.  See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993)(citing Sawyer v. Whitley, 505 U.S. 333, 339-41, 112 S. Ct. 2514, 2519-20 (1992)).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge
