**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN WARREN MUNN,

      Petitioner - Appellant,

vs.

H.N. SCOTT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 00-6078
(D.C. No. 97-CV-1312)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner, John Warren Munn, appeals from the denial of his pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Munn pled

guilty to first degree rape, and three counts of pointing a firearm at another, for

which he was sentenced to four, 45-year concurrent sentences. He pled guilty

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

after obtaining a reversal of these convictions on appeal due to improper jury instructions concerning his competency defense.

Petitioner filed an application for post-conviction relief in state district court on October 22, 1996, which was denied on December 17, 1996. On February 13, 1997, The Oklahoma Court of Criminal Appeals (OCCA) found the appeal from the district court's denial of post-conviction relief was procedurally defective. The OCCA denied Mr. Munn's request for an appeal out of time on August 1, 1997.

Mr. Munn filed his federal habeas petition in August 1997, but it was ultimately rejected on the grounds that it was not timely. This determination was reversed on appeal, and remanded to the district court. See Riggs v. Crandell, Nos. 98-2041, 98-6045, 98-2094, 98-6073, 98-6057, 98-6221 & 98-6078, 1999 WL 197168 at **3 (10th Cir. April 6, 1999) (unpublished). On remand, the district court denied the petition on the grounds that the claims were procedurally barred or alternatively, without merit.

On appeal, Mr. Munn argues that he is entitled to relief on the following grounds: (1) the trial court failed to make a mandatory and effective competency determination; (2) the trial court failed to establish a valid factual basis that Mr. Munn committed the crimes charged (3) Mr. Munn was not competent to enter a guilty plea due to the effects of an anti-psychotic drug; (4) the trial court failed to

properly advise Mr. Munn of his appellate rights; (5) Oklahoma's former competency standard was invalidated by the United States Supreme Court; (6) Oklahoma's procedural bar does not apply to substantive claims of mental incompetence; and (7) ineffective assistance of counsel. Mr. Munn argues that given the foregoing errors, he is entitled to withdraw his plea of guilty.

Grounds (1), (3) and (6), are competency claims based upon procedural and substantive due process. As Mr. Munn correctly points out, a substantive due process competency claim is not subject to procedural default. See Barnett v. Hargett, 174 F.3d 1128, 1133-34 (10th Cir. 1999). Thus, it is necessary to address the merits of claim (3), namely, that Mr. Munn was incompetent when he pled guilty, due to the effect of an anti-psychotic drug. Competence to stand trial requires that an individual have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997) (internal quotations omitted). Having carefully reviewed the record in the instant case, we find no merit to Mr. Munn's substantive competency claim. At the plea colloquy, the judge inquired as to Mr. Munn's competence, mental health, and the effects of Mr. Munn's medication. Mr. Munn's attorney represented unequivocally that his client was competent to appreciate and understand the nature of the proceeding, and to assist in presenting

any and all defenses. Additionally, Mr. Munn responded to the judge in a way that strongly suggests that he was lucid, understood the charges, and participated in the proceeding. See Aplt. App. Ex. G. The foregoing persuades this court that Mr. Munn was not incompetent for purposes of his plea agreement. See generally, Nguyen, 131 F.3d at 1346.

Competency claims involving procedural due process arising before Cooper may be subject to procedural bar. See Barnett, 174 F.3d at 1134. Habeas "relief is unavailable for federal claims defaulted in state court on an adequate and independent state ground, absent a showing of cause for the default and prejudice resulting therefrom, or a showing that the failure to grant habeas relief would result in a fundamental miscarriage of justice." Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). However, we have declined to apply procedural bar in non-capital cases where a petitioner's direct appeal predated Cooper. See Barnett, 174 F.3d at 1134-35; Webb v. Evans, No. 99-6224, 1999 WL 1244480, at ** 4, n.9 (10th Cir. Dec. 20, 1999). A timely direct appeal in this case would have predated Cooper, but Mr. Munn would be entitled to relief only if "the state trial court ignored evidence that, viewed objectively, raised a bona fide doubt as to [Munn's] competency. . . ." Clayton v. Gibson, 199 F.3d 1162, 1171 (10th Cir. 1999)(internal quotations omitted). Mr. Munn has not satisfied this requirement. He merely asserts now (without specific medical

evidence bearing on his own case) that he was incompetent at the time of pleading guilty, and notes that the anti-psychotic drug Mellaril can cause certain side effects. Given the specific inquiries about competency contained in the plea colloquy, and the lack of any objective manifestation of an inability to understand or participate, he cannot meet this standard. See generally, Clayton 199 F.3d at 1171 (noting that factors relevant to a competency determination include "defendant's demeanor at trial, any evidence of irrational behavior by defendant, and perhaps most important, any prior medical opinions regarding competency.").

Claims (2) and (4) are procedurally barred by Okla. Stat. Ann. tit. 22, § 1086, which has been consistently applied to bar claims that could have been raised on direct appeal. See Stafford v. State, 899 P.2d 657, 659 (Okla. Crim. App. 1995). The state court's basis for denying these claims were both independent and adequate. See generally, Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995); Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). Furthermore, Mr. Munn has not demonstrated the requisite cause, prejudice, or that a fundamental miscarriage of justice would result from our failure to review these claims on habeas (i.e., that he is factually innocent). See Coleman, 501 U.S. at 724. Moreover, as to claim (4), namely, that the court did not advise Mr. Munn

of his appellate rights[1], a review of the record shows that Mr. Munn's position is without support. Furthermore, based upon the facts of the instant case, we are convinced that Mr. Munn's "rights were not detrimentally affected and that the [court's alleged error] had no significant influence on [Munn's] decision to plead guilty." United States v. Vaughn, 7 F.3d 1533, 1535 (10th Cir. 1993). Thus, we need not address these contentions.

Finally, Mr. Munn claims that he is entitled to relief because his counsel was constitutionally ineffective. This claim is likewise without merit. Mr. Munn claims that his trial counsel impermissibly failed to investigate his competency, even though he knew that Mr. Munn was in psychiatric treatment. Moreover, Mr. Munn charges that his counsel impermissibly caused Mr. Munn to plead guilty rather than go to trial. Finally, Mr. Munn argues that his counsel was not helpful during the ten-day period in which Mr. Munn could have withdrawn his plea. To succeed on an ineffective assistance of counsel claim, an individual must show that his counsel's representation was deficient and that this deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a plea agreement, "deficient performance requires a showing that counsel gave advice that was not 'within the range of competence demanded of attorneys in

---

[1] Given the circumstances of this case, Mr. Munn's claim is properly understood as an argument about the trial court's failure to advise him that he could withdraw his guilty plea.

criminal cases.'" <u>Rodgers v. Wyoming Attorney Gen.</u>, 205 F.3d 1201, 1206 (10th Cir. 2000) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985)). To show prejudice, Mr. Munn must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u> 474 U.S. at 59. We agree with the magistrate judge that Mr. Munn has not made this showing. Thus, Mr. Munn's claim for relief on this ground fails.

Accordingly, we **DENY** Mr. Munn's motion to proceed in forma pauperis, **DENY** his application for a certificate of appealability, and **DISMISS** the appeal. We **GRANT** the motion to supplement exhibits Q & R and **DENY** the motion to supplement the record.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge