**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAURIE ANN TOLLESTRUP,

Plaintiff-Appellant,

v.

TEL AMERICA LONG DISTANCE,
also known as Tel-America of Salt
Lake City, a subsidiary of Telephone
Electronics Corporation; LYNN
SANDERSON; SAM FOWERS,

Defendants-Appellees.

No. 03-4132
(D.C. No. 2:02-CV-552-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Laurie Ann Tollestrup appeals from the district court's decision granting summary judgment under Fed. R. Civ. P. 56 in favor of defendants on her Title VII [1] employment discrimination and state-law claims. In her complaint, Ms. Tollestrup alleged claims of sexual harassment, gender discrimination, hostile work environment, retaliatory termination, providing fraudulent information to workforce services, fraud, retaliatory failure to provide a reference, libel and slander, and intentional infliction of emotional distress. The district court held (1) the sexual harassment, gender discrimination, retaliatory termination, and hostile work environment claims, even though equitably tolled, were time barred; (2) Ms. Tollestrup failed to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6) when she alleged defendants provided false information to the Department of Workforce Services, because Utah Code Ann. § 35A-4-104 [2] does not provide a civil cause of action for damages; (3) she did not plead a fraud claim with the particularity required by Fed. R. Civ. P. 9(b); (4) she failed to prove a prima facie case of retaliation because she did not show a causal connection between her protected activity of filing the first charge of discrimination and the adverse employment action of

---

[1]     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through § 2000e-17.

[2]     Section 35A-4-104 was repealed in 2003 and replaced by Utah Code Ann. § 76-8-1301(2)(a).

defendants providing a negative reference; (5) the defamation claim was conclusory and inadequately pled; and (6) the intentional infliction of emotional distress claim failed because the conduct at issue was not outrageous.

On appeal, Ms. Tollestrup, who is proceeding pro se, [3] challenges the district court's decision as follows: (1) the decision contained erroneous statements; (2) the district court failed to recognize the inconsistencies in the affidavits submitted by defendants; (3) her sexual harassment, gender discrimination, hostile work environment, and retaliatory termination claims are not time barred under the continuing violation doctrine; (4) equitable tolling extended the time for her to file her complaint; (5) her state claims are not time barred under Utah law; (6) she established a prima facie case of retaliation occurring both during and post employment; (7) defendants knowingly provided fraudulent information to workforce services that interfered with her contract rights; (8) defendants had a good faith responsibility to provide a reference; (9) she was forced into "compelled self-publication" due to defendants' libel and slander, Aplt. Br. at 2; and (10) the district court should have liberally construed her pleadings.

---

[3] Apart from the filing of the amended complaint and the response to the defendants' motion to dismiss, Ms. Tollestrup also proceeded pro se in the district court.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

We review the "district court's Rule 9(b) ruling [on the fraud claim] *de novo*" and confine our review to the complaint's text. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). We also review *de novo* the district court's Rule 12(b)(6) dismissal of the providing false information to workforce services claim, again only looking at the complaint. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Having reviewed the briefs, the record, and the applicable law pursuant to these standards, we determine that Ms. Tollestrup has asserted no reversible substantive error on appeal. We therefore AFFIRM the challenged district court decision for substantially the same reasons stated by that court in its Memorandum Opinion and Order of May 8, 2003. *See* R. vol. II, doc. 39.

Any erroneous statements by the district court were minor and did not affect the outcome of the case. We discern no inconsistencies in the defendants'

-4-

affidavits. The district court did not reject Ms. Tollestrup's state-law claims as time barred. Although the district court did not expressly state it was liberally construing her pleadings, it is clear from a reading of the record and that court's decision that the court did so, just as we have done so on appeal. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

In addition to her challenges to the district court's decision, Ms. Tollestrup argues the district court denied her due process (1) by ignoring her request for a hearing on defendants' summary judgment motion; (2) by ignoring other motions, including motions for appointment of counsel, for discovery and for an extension of time; (3) by not allowing discovery or the right to subpoena documents; and (4) by allowing a law clerk to decide the case. We conclude these procedural arguments have no merit.

While the district court did not expressly rule on the motions, based on the court's disposition of the case we deem them denied. Upon review of the record, we conclude the district court did not abuse its discretion in implicitly denying the motions. *See, e.g., Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) (reviewing denial of motion for further discovery for abuse of discretion); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998) (reviewing denial of motion for extension of time for abuse of

discretion); *United States v. Davis*, 60 F.3d 1479, 1483 (10th Cir. 1995) (reviewing denial of hearing for abuse of discretion); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (reviewing denial of motion for appointment of counsel for abuse of discretion); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (reviewing denial of Rule 56(f) motion for abuse of discretion); *see also, e.g., Shifrin v. Fields*, 39 F.3d 1112, 1113 n.2 (10th Cir. 1994) (concluding district court did not err by denying requests for discovery or evidentiary hearing where district court properly dismissed complaint as matter of law on summary judgment).

Ms. Tollestrup's argument that the district court's decision was drafted by a law clerk is of no significance. Nothing in the record suggests the district court judge did not participate in the decision. *See Stafford v. Ward*, 60 F.3d 668, 670 n.4 (10th Cir. 1995).

Finally, we reject any other arguments made by Ms. Tollestrup not specifically addressed in this order and judgment.

The judgment of the district court is AFFIRMED. Ms. Tollestrup's Memorandum to Correct Defendants Certificate of Interested Parties is DENIED.

Her request for an order to subpoena documents, *see* Aplt. Br. at 22 n.1, is

DENIED.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge